# In the United States Court of Federal Claims

No. 25-1238C
(Filed: December 11, 2025)
**NOT FOR PUBLICATION**

```
*****************************************
KEVIN WILLIAM CASSADAY,              *
                                     *
            Plaintiff,               *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
                                     *
*****************************************
```

## OPINION AND ORDER

Plaintiff Kevin William Cassaday, proceeding *pro se*, raises claims relating to his past litigation in other federal courts. *See* Compl. (ECF 1). The government moved to dismiss the complaint for lack of subject-matter jurisdiction. *See* Mot. (ECF 10). Plaintiff did not respond. The motion is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))

(explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

The essence of Plaintiff's claim appears to be that his lawsuits against the United States have repeatedly been dismissed by federal courts in Michigan. *See* Compl. at 11, 13 (ECF pagination). This Court does not have authority to review decisions of other courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Plaintiff alleges torts, crimes, and deprivations of civil rights. This Court does not have authority to hear those types of claims. This Court's jurisdiction does not extend to tort claims. *See* 28 U.S.C. § 1491(a)(1); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); *cf.* Tort, Black's Law Dictionary (11th ed. 2019). United States district courts, rather, have "exclusive jurisdiction" to determine the liability of the United States under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b)(1), 2674. This Court's jurisdiction does not extend to criminal matters. *Jones v. United States*, 440 F. App'x at 918. "The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations[.]" *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019).

Plaintiff alleges that he has been deprived of his First Amendment rights. Compl. at 8, 11. This Court cannot address First Amendment claims. *Madison v. United States*, 98 Fed. Cl. 393, 396 (2011); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983).

## CONCLUSION

Defendant's Motion to Dismiss (ECF 10) is **GRANTED**. The case is **DISMISSED** for lack of jurisdiction.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge